UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KELLY H. WATSON and MARK R. WATSON, wife and husband,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN HOME MORTGAGE ACCEPTANCE, INC., a New York Corporation; LIANA MILLER AND "JOHN DOE" MILLER, and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, Bond No. 104574505,<br><br>Defendants. | NO.<br><br>COMPLAINT FOR CONSUMER PROTECTION ACT VIOLATIONS, FRAUD AND CLAIM AGAINST CONSUMER LOAN ACT BOND<br><br>AND <u>JURY DEMAND</u> |

Plaintiffs allege as follows:

1.  Plaintiffs Kelly and Mark Watson reside in Pierce County, Washington. The real property that secured Plaintiffs' consumer mortgage issued by Defendant American Home Mortgage Acceptance, Inc. is located in Pierce County, Washington.

2.  Defendant American Home Mortgage, Acceptance Inc. ("AHMA", is a New York corporation that at all relevant times was doing business in Pierce County Washington.

Complaint - 1 of 7

[1435983 v02.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

AHMA was registered to do business in the State of Washington and was licensed by the State of Washington Department of Financial Institutions as a consumer lender, operating under license number 520-CL-28495.

3. Defendant Liana Miller is married to "John Doe" Miller and resides in Las Vegas, Nevada. Liana Miller represented herself as "Senior Mortgage Broker" who was an agent and authorized representative of Defendant AHMA, and she solicited Plaintiffs in Gig Harbor, Washington, to obtain a mortgage through AHMA. Defendant Miller's actions were on behalf of and intended to benefit her marital community.

4. Defendant Travelers Casualty and Surety Company of America, is a foreign insurer authorized to do business in Washington, who furnished AHMA with Bond No. 104574505 in the amount of $400,000.00, under Chapter 31.04, RCW, the Consumer Lending Act. This Consumer Loan Bond was issued on July 19, 2005 and remained in effect through July 19, 2007. A copy of the Bond and related extension documents are attached hereto as **Exhibit A** and incorporated by reference.

5. The amount in dispute in this matter is in excess of $75,000, exclusive of interest and costs.

6. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).

7. This court has personal jurisdiction over Defendants in accord with RCW 4.28.185 due to Defendants' transaction of business in this State and because Defendant AHMA and Defendant Miller engaged in tortious conduct within the State of Washington and expressly directed at Plaintiffs, who are Washington residents.

Complaint - 2 of 7

[1435983 v02.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

8. Venue of this matter is appropriate in this Court pursuant to 28 U.S.C. § 1391(a), because the real property that secured the loan at issue is situated in Pierce County and the tortious acts underlying these claim occurred in Pierce County.

9. In 2007 AHMA's parent corporation filed a Chapter 11 Bankruptcy proceeding in the Bankruptcy Court in the District of Delaware. As a result, any action against AHMA was stayed by the bankruptcy. On July 25, 2008, Plaintiffs obtained an order from the Bankruptcy Court authorizing relief from the stay to pursue claims against AHMA so long as any recovery was sought from the proceeds of the bond and not from the assets of AHMA. A copy of the Bankruptcy Court's order is attached hereto as **Exhibit B** and incorporated by reference.

10. From April 30, 2006 through approximately June 5, 2006, Defendant AHMA, through its authorized representative, Defendant Liana Miller and others:

- Provided Plaintiffs with false, deceptive and misleading information relating to the terms of their loan;
- Failed to provide Plaintiffs with a Good Faith Estimate disclosure or Truth in Lending disclosure within three business days of receiving Plaintiffs' application as required by RCW 31.04.102;
- Delayed closing Plaintiffs loan causing Plaintiffs to receive less favorable terms than promised.
- Originated Plaintiffs' loan from a branch office that had never been granted a license by the Washington Department of Financial Institutions; and
- Failed to maintain records relating to Plaintiffs' loan as required by law.

11. Following Plaintiffs' complaints to the Washington State Department of Financial Institutions, an investigation into this matter occurred. At the conclusion of the investigation the investigator found 8 violation of Washington's Consumer Loan Act and

Complaint - 3 of 7

[1435983 v02.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

made related factual determinations in Plaintiffs' favor. A copy of the Resolution and Closure of the Complaint is attached hereto as **Exhibit C** and incorporated by reference.

## FIRST CAUSE OF ACTION
## (CONSUMER LOAN ACT/CONSUMER PROTECTION ACT VIOLATIONS)

12. Defendants' improper and deceptive actions are in violation of Washington's Consumer Loan Act, RCW 31.04.27.

13. Violations of the Consumer Loan Act are "per se" violations of Washington's Consumer Protection Act (RCW Chapter 19.86), and constitute unfair and deceptive practices as a matter of law that are in violation of the public interest as provided by RCW 31.04.208.

14. As a result of Defendants' wrongful and deceptive conduct, Plaintiffs have sustained significant damages to their business and property including increased interest costs, refinancing costs, harm to their business and property, along with accrued interest and attorneys' fees and costs incurred in pursuing this action.

## SECOND CAUSE OF ACTION
## (FRAUD)

15. As alleged above, Defendant Miller made multiple false and misleading representations to Plaintiffs to convince them not to go forward with the mortgage loan they had previously arranged with East Bay Mortgage. These false and misleading representations included:

(a) The AHMA loan would have a more favorable interest rate than what had been offered by East Bay Mortgage.

Complaint - 4 of 7

[1435983 v02.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

(b) The AHMA loan would be a 5/1 Adjustable Rate Mortgage, with the interest rate is locked in for five years and payments are set at 1% interest only for the first five years of the loan; and

(c) The AHMA loan would have an 80% loan-to-value ratio;

16. At the time Miller made these false statements to Plaintiffs, she was acting as agent for and for the financial benefit of her principal AHMA and herself.

17. At the time Miller made these statements to Plaintiffs, it was to induce them to cancel their loan with East Bay Mortgage and to instead obtain a loan through her with AHMA.

18. At the time Miller made these statements to Plaintiffs, she knew or should have known, that they were substantially false and misleading.

19. Miller made these false and misleading statements to Plaintiffs with the specific intent to convince them to obtain a loan through AHMA.

20. Plaintiffs reasonably relied upon Miller's statements in choosing to stop proceeding forward with the loan through East Bay Mortgage and switch to a loan offered by AHMA.

21. The loan AHMA ultimately provided to Plaintiffs was at a significantly higher interest rate that what they had arranged through East Bay Mortgage, was not a 5/1 ARM, was not the promised 80% loan-to-value ratio, and had substantial prepayment penalties.

22. As a direct and foreseeable result of Defendant Miller and Defendant AHMA's fraudulent actions, Plaintiffs suffered damages in an amount to be proven at trial, including damages to their business and property and substantial emotional distress as a result of the

Complaint - 5 of 7

[1435983 v02.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

precarious financial position into which they were placed as a result of Defendants fraudulent conduct including mental anguish, anxiety, emotional distress and loss of enjoyment of life.

### THIRD CAUSE OF ACTION
### (CLAIMS AGAINST CONSUMER LOAN BOND)

23. Defendant AHMA was a duly licensed Consumer Lender under the provisions of Chapter 31.04, RCW. In accord with the requirements of RCW 31.04.045, Defendant AHMA filed with the Department of Financial Institutions a surety bond in the sum of $400,000.00, which was provided by Defendant Travelers Casualty and Surety Company of America in the amount of $400,000.00 under bond number 104574505. This bond is to benefit any persons who may have a cause of action against the lender under Washington's Consumer Loan Act (RCW Chapter 31.04).

24. Upon information and belief, there are no claims against Consumer Loan Bond number 104574505 that have priority over Plaintiffs' claims against this bond, and specifically claims by the State of Washington for unpaid assessments do not have priority over Plaintiffs' claims upon bond number 104574505.

25. Defendant AHMA is liable to Plaintiffs for damages to their business and property that resulted from AHMA's numerous actions in violation of Washington's Consumer Loan Act, RCW Chapter 31.04. Travelers Casualty and Surety Company of America is liable to Plaintiffs for the amount owed to Plaintiffs by Defendant AHMA up to, but not to exceed, the amount of available bond proceeds of $400,000.

WHEREFORE Plaintiffs pray for relief as follows:

1. For a principal judgment against Defendant AHMA for damages in an amount to be proven at trial;

Complaint - 6 of 7

[1435983 v02.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

2.    Pre-judgment interest at the maximum allowable rate;

3.    Reasonable attorney's fees, expenses and costs of suit as allowed by RCW 19.86.090;

4.    Treble damages (up to $10,000) as authorized by RCW 19.86.090;

5.    An award in the amount of damages against Travelers Casualty and Surety Company of American for all damages proved at trial, plus prejudgment interest and attorney's fees and costs, but not to exceed $400,000, the available proceeds under Travelers American Casualty and Surety Company of America, Bond No. 104574505; and

6.    For such other relief in Plaintiffs' favor as the court deems just and equitable under the circumstances.

**JURY DEMAND**

Plaintiffs hereby request a trial by jury on all matters appropriate to jury decision.

Dated this 9th day of February, 2009.

GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP

By *Stephanie Bloomfield*
Stephanie Bloomfield, WSBA No. 24251
sbloomfield@gth-law.com
Attorneys for Plaintiffs

Complaint - 7 of 7

[1435983 v02.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500 - FACSIMILE (253) 620-6565

**SURETY BOND TO OPERATE
CONSUMER LOAN BUSINESS**

BOND NO. 104574505

*KNOW ALL PERSONS BY THESE PRESENTS*, That «American Home Mortgage Acceptance, Inc., a corporation of the State of New York»

(if a partnership, give full name and address of each partner and add the words trading under the firm name and style _____," or if a corporation, insert full title and add the words "a corporation of the State of _____".) with place of business at **538 Broadhollow Road**, City of **Melville** County of **Suffolk** in the State of New York as principal, and **TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA**, a corporation, authorized to transact surety business in the State of Washington, as surety, are held and firmly bound unto the State of Washington in the full penal sum of **FOUR HUNDRED THOUSAND AND 00/100ths ($400,000.00)** lawful money of the United States, for the payment of which, well and truly to be made, we bind ourselves, our heirs, executors, administrators, successors and assigns, jointly and severally firmly by these presents.

*THE CONDITIONS* of the above obligation are such that: Whereas, the above bounden principal has applied for a license to transact the business of making loans as provided by law under Title 31.04 Revised Code of Washington, known as the "CONSUMER LOAN ACT" of the State of Washington, and acts amendatory thereto.

*Now, Therefore,* If the said above bounden principal, shall, upon the issuance of said license as aforesaid, faithfully conform to and abide by each and every provision of said Act and all the rules and regulations lawfully made by the Director of the Department of Financial Institutions of the State of Washington thereunder, and will pay to the state and to any person or persons from said obligors under and by virtue of the provisions of said ACT, then this obligation to be void: otherwise to remain in full force and effect.

*Provided,* That the total liability hereunder arising during the period for which this bond is written shall not exceed the total sum of **Four Hundred Thousand and 00/100ths ($400,000.00)**. This bond is effective until canceled by the surety. This bond may be canceled by giving written notice to the Director. The cancellation shall be effective 45 days from the receipt of said notice. If the bond is renewed, continued, reinstated, reissued or otherwise extended, it shall nevertheless be considered a continuous obligation and the surety upon the bond shall not be liable in an aggregate or cumulative amount exceeding the penal sum set forth on the face of the bond. In no event shall the penal sum, or any portion thereof, at two or more points in time be added together in determining the surety's liability for any or all claims.

*In Witness Whereof,* The said principal has hereunto set his hand and seal and the said surety has caused these presents to be signed by its duly authorized officers and its corporate seal to be hereto affixed on this day of **19th Day of July, 2005**.

«American Home Mortgage Acceptance, Inc.
PRINCIPAL

By _____

By **Alan Horn**

(Surety Corporate Seal)

**TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA**

SURETY

By _____
**JERROLD A. ROSENBLUM, ATTORNEY-IN-FACT**

**EXHIBIT A**



# American Home Mortgage

538 Broadhollow Road • Melville, NY 11747
Christine Berti
Licensing Specialist
Phone: (631) 622-6479
Fax:    (866) 549-6992
Email:  Christine.berti@americanhm.com

June 29, 2006

**VIA OVERNIGHT MAIL**

Department of Financial Institutions
150 Israel Road SW
Tumwater, WA 98501

    Re:    American Home Mortgage Acceptance, Inc.
            Continuation Certificate Bond Number 104574505
            For License 520-CL-28495

Dear Sir or Madam:

Enclosed please find the following:

1- A continuation certificate for bond number 104574505 extending the bond to July 19, 2007 for license number 520-CL-28495.

If you require any additional information or have any questions, please do not hesitate to contact me at the telephone number or email listed above. Thank you for your assistance.

Sincerely,

Christine Berti

Licensed Mortgage Banker

RECEIVED
JUN 3 0 2006
DEPT. OF FINANCIAL INSTITUTIONS
OLYMPIA, WASHINGTON



Travelers Casualty and Surety Company of America
Hartford, Connecticut 06183

**CONTINUATION CERTIFICATE FIDELITY
OR SURETY BONDS/POLICIES**

In Consideration of **Four Thousand and 00/100 ($4,000.00) DOLLARS** renewal premium,

the term of Bond/Policy No. **104574505** in the amount of **$400,000.00**

on behalf of **American Home Mortgage Acceptance, Inc.** whose address is **538 Broadhollow Road, Melville, NY 11747**

in favor of **State of WASHINGTON-Department of Financial Institutions**, whose address is **PO Box 41200, Olympia, WA 98504**

in connection with **Consumer Loan Bond**

is hereby **extended to July 19, 2007**, subject to all the covenants and conditions of said bond/policy.

This certificate is designed to extend only the life of the bond/policy. It does not increase the amount which may be payable thereunder. The aggregate liability of the Company under the said bond/policy together with this certificate shall be exactly the same as, and no greater than it would have been, if the said bond/policy had originally been written to expire on the date to which it is now being extended.

Signed, sealed and dated
**June 22, 2006**

Travelers Casualty and Surety Company Company of America

By: *Jerrold A. Rosenblum*
Jerrold A. Rosenblum, Attorney-in-Fact

RECEIVED
JUN 30 2006
DEPT. OF FINANCIAL INSTITUTIONS
OLYMPIA, WASHINGTON



# TRAVELERS

Travelers Casualty and Surety Company of America
Hartford, CT 06183

Date: April 11, 2007

STATE OF WASHINGTON
DEPARTMENT OF FINANCIAL INSTITUTIONS
P.O. Box 41200
OLYMPIA, WA 985041200

Office at:  485 Lexington Ave, NEW YORK, NY 10017

## CANCELLATION NOTICE

License No. _____

RE: AMERICAN HOME MORTGAGE ACCEPTANCE, INC., A CORPORATION OF THE STATE OF NEW YC
538 BROADHOLLOW ROAD
MELVILLE, NY 11747

CL # 28495

Bond No. **104574505**
Former Bond No. _____
Type of Bond/Policy: **Small Loan Companies**

You are hereby notified that this Company elects to cancel the above captioned bond required by the **STATE OF WASHINGTON**

This cancellation is to take effect on **July 19, 2007**, in accordance with the terms of said Bond or Policy.

Travelers Casualty and Surety Company of America

By: _____
Attorney-in-Fact

RECEIVED
APR 18 2007
DEPT. OF FINANCIAL INSTITUTIONS
OLYMPIA, WASHINGTON

F-129-P (8/00)
Rev. 2/05

IN THE UNITED STATES BANKRUPTCY COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| AMERICAN HOME MORTGAGE ) | |
| HOLDINGS, INC., a Delaware corporation, ) | Case Number 07-11047 (CSS) |
| et. al., ) | |
| ) | Re: Docket No. 4781 |
| Debtors. ) | |

## ORDER GRANTING MOTION FOR
## RELIEF FROM THE AUTOMATIC STAY

Upon the motion (the "Motion") of Mark Watson and Kelly Watson ("Movants"), for relief from the automatic stay; and adequate notice of the Motion having been given; and this Court being fully advised in the premises:

**IT IS HEREBY ORDERED** that the Motion is **GRANTED**;

**IT IS FURTHER ORDERED** that the automatic stay imposed by Section 362 of the Bankruptcy Code is modified in order to permit Movants to initiate their claims against the Debtor (as defined in the Motion); and

**IT IS FURTHER ORDERED** that Movants may not pursue the Debtor for any judgment in their favor without first seeking a further modification of the automatic stay, except as might be permitted by existing and future orders of this Court (including, but not limited to, any plan or plans of reorganization which may be confirmed in the above-captioned bankruptcy cases).

Dated: July 25, 2008

_____
The Honorable Christopher S. Sontchi
United States Bankruptcy Judge

**EXHIBIT B**

STATE OF WASHINGTON
DEPARTMENT OF FINANCIAL INSTITUTIONS
DIVISION OF CONSUMER SERVICES

IN THE MATTER OF INVESTIGATING
A COMPLAINT FILED UNDER THE
CONSUMER LOAN ACT:

BY: Kelly Watson; Mark Watson

                      Complainant(s),

AGAINST: American Home Mortgage Corp

                      Respondent(s).

COMPLAINT NO. 25559

DOCUMENT CLIII
THE DEPARTMENT'S RESOLUTION
AND CLOSURE OF COMPLAINT

As you were previously informed, a complaint was filed against Respondent under chapter 31.04 RCW, the Consumer Loan Act (the Act). Complainants alleged that the Respondent did not provide a Good Faith Estimate disclosure or Truth in Lending disclosure within three business days of receiving the Complainants' application. Complainant's also alleged that Respondent gave them false and deceptive information related to the interest rates related to their loan. Complainants further alleged that Respondent delayed the closing of the loan, resulting in the Complainants not receiving the originally offered loan terms.

The Department of Financial Institutions Division of Consumer Services, under the authority of RCW 31.04.145, conducted a limited scope investigation into this matter. Based upon its investigation and the documentation and statements provided by the parties, our findings are:

1. RCW 31.04.027(1): Employed, directly or indirectly, a scheme, device, or artifice to defraud or mislead.
2. RCW 31.04.027(2): Engaged, directly or indirectly, in an unfair or deceptive practice.
3. RCW 31.04.027(6): Failed to make disclosures to loan applicants as required by RCW 31.04.102 and any other applicable state or federal law.
4. RCW 31.04.027(7): Made false or deceptive statements or representations regarding the rates, points, or other financing terms or conditions.
5. RCW 31.04.075: Failed to obtain and maintain appropriate licenses; unlicensed branch location.
6. RCW 31.04.102(2): Failed to make written disclosure within three business days following receipt of a loan application.
7. RCW 31.04.102(3): Failed to provide borrower, within three business days of receipt of a loan application, with an estimated APR and disclosure of whether there is a prepayment penalty.
8. RCW 31.04.155: Failed to comply with record keeping requirements of this section.

Based upon the above findings and apparent violations, the Department makes the following determination:

**To the Respondent:** The Complainants alleged that Respondent provided false and misleading information related to loan terms to lure the Complainants from a competitor with which Complainants were obtaining a loan. Complainants further alleged that Respondent thereafter did not provide the promised loan terms. Respondent was given the opportunity to respond to these allegations and did not deny them. Consequently, the Department accepts them as a verity. Respondent's conduct violated RCW 31.04.027 (1), (2), and (7).

Complainants also alleged that Respondent did not provide a Good Faith Estimate disclosure or Truth in Lending Disclosure within three business days of receiving the Complainants' loan application. Respondent replied that it received the Complainant's application on May 8, 2006, and sent out the disclosures the same day. Complainants, however, have provided the Department with a copy of an email they received from Respondent on May 1, 2006, acknowledging receipt of the Complainants' application. Based upon this evidence, Respondent clearly violated RCW 31.04.027(6), RCW 31.04.102(2) and (3), the Real Estate Settlement Procedures Act, and the Truth in Lending Act. Failure to timely make mandatory disclosures is also a deceptive practice in violation of RCW 31.04.027(2).

EXHIBIT C

In reviewing the loan application for this loan, the Department has determined that the loan was originated by a branch office located at 777 North Rainbow Blvd., Ste. 345, Las Vegas, Nevada. Respondent, however, has never been granted a license for that location. Consequently, Respondent is in violation of RCW 31.04.075.

Finally, as part of its investigation of the Complainant's allegations, the Department issued a Directive to Respondent requiring Respondent to provide a copy of the entire loan file for the Complainants' loan. The documents Respondent provided, however, did not include several documents Respondent was required to maintain; most notably the Notes, the Deed of Trust, and the Final HUD 1 Settlement Statement. This is either a violation of RCW 31.04.145 for failing to respond completely with a Directive from the Director, or a violation of RCW 31.04.155 for failing to maintain records in such a manner as to enable the Department to determine whether Respondent is complying with the Act. Based upon Respondent's current status related to its bankruptcy, the Department has determined the latter.

**To the Complainant:** The Department has found numerous violations of the Act and, under normal circumstances, would request remedial action by the Respondent that would include a refund of all fees Respondent received for this loan. Unfortunately, Respondent's ongoing Chapter 11 bankruptcy proceedings prevent the Department from requesting any financial payments. Additionally, Respondent has surrendered its Washington licenses, rendering any other remedial corrective action moot. Finally, the Department is without authority to require Respondent to recast your loan. You may wish to consult with a private attorney.

Respondent is expected to implement a system of controls designed to prevent future violations of the Act. The Department will review Respondent's efforts during Respondent's next examination to ensure compliance with the Act.

Accordingly, this Resolution and Closure of Complaint serves as notice that this complaint filed against Respondent is closed. However, the Department of Financial Institutions Division of Consumer Services retains the authority to reopen this complaint in the event that subsequent information comes to our attention relevant to this matter.

cc:  Kelly Watson; Mark Watson



Dated: Tuesday, March 18, 2008

Steven C. Sherman
Financial Legal Examiner